FRED VITUCCI, PLAINTIFF-APPELLEE, v. PUBLIC SER-
VICE RAILWAY COMPANY, DEFENDANT-APPELLANT.

Argued February 19, 1924—Decided May 29, 1924.

**Negligence—Trolley Car Collision With Motor Bus—Judge's
Charge Contained Harmful Error, in That it Placed Greater
Burden on Defendant Than it was Called Upon to Bear.**

On appeal from the Second District Court of the city of
Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Leonard J. Tynan.*

For the respondent, *Pearce R. Franklin.*

PER CURIAM.

The defendant appeals from a judgment rendered in the
Second District Court of Newark upon a single ground.
The case grew out of an accident wherein a car of the defend-
ant ran into the rear of plaintiff's bus which, while stopped
to discharge passengers, was extending into the line of ap-
proach of the car. In submitting the case to the jury the
trial judge said: "It is the duty of the defendant company
to maintain its equipment in such a manner that its opera-
tion will be safe to the public at large and to the passengers
that they carry." An exception was noted for the defend-
ant and is assigned on this appeal as error. Taken in con-
nection with the facts of the case, this instruction leads us to
the conclusion that it was harmful error. The importance
of the instruction will be apparent when we consider that
the contention of the defendant was that the brakes were
properly applied, but that there was automobile grease on the
rails which caused the car to slide into the plaintiff's bus.
The charge was, under the circumstances, equivalent to an
instruction that it was the duty of the defendant to main-

tain its equipment in such condition that the accident could not happen through its operation. It may well be that no equipment yet devised will suffice to prevent the sliding of iron wheels on a greasy rail, or that a railway laid in our streets can always be kept free from oil and grease. The burden placed on the company was, therefore, greater than it was called upon to bear. It was undoubtedly obliged to use reasonable care both in the condition of its equipment, including the rolling stock and trackage, and in the operation of its cars, but when this obligation was met it was absolved from liability for the consequences that might ensue despite such care on its part. In an otherwise faultless charge we have looked in vain for something which would relieve from the ill effects that might well result from the misdirection complained of. It is true the jury was told that the company was liable only for negligence, but having been told the obligation as to its equipment, the mere happening of the accident will logically entail a finding of negligence either in the care of its rails or car, so that we reach the ultimate duty as at first declared. For the error complained of the judgment must be reversed and a *venire de novo* awarded.